

**FILED**
February 19, 2021
SX-2018-CV-00179
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

TIFFANI HERBERT on behalf of the minor )
DELLITTA MAPP, )
                      )
                Plaintiff, )
                      )
            v. )
                      )
GOVERNMET OF THE VIRGIN ISLANDS, )
DEPARTMENT OF EDUCATION and )
JOCELYN HENDRICKSON, )
                      )
               Defendants. )

**CASE NO.: SX-18-CV-179**

**2021 VI Super 19**

## MEMORANDUM OPINION and ORDER

**Martial A. Webster, Esq.**
P.O. Box 1568
116 Queen St.
Frederiksted, VI 00841
*Attorney for Plaintiff*

**Julie A. Beberman, Esq., AAG**
Virgin Islands Department of Justice
213 Estate La Reine, RR1 Box 6151
Kingshill, V.I. 00851
*Attorney for Defendant Government*

**BRADY, Douglas A., Judge**

¶ 1     Before the Court is Defendant Government of the Virgin Islands, Department of Education's (VIDOE) Motion to Dismiss pursuant to Virgin Islands Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim for which relief may be granted, filed June 22, 2020. Plaintiff's Response to Defendant's Motion to Dismiss was filed August 31, 2020 and Defendant's Reply in Support of the Motion to Dismiss was filed September 14, 2020. For the reasons that follow, VIDOE's Motion to Dismiss will be granted.

## BACKGROUND

¶ 2     Tiffani Herbert is the mother of minor Dellitta Mapp. Both are residents of St. Croix, U.S. Virgin Islands. At the time of the incident giving rise to this claim, Mapp was a ninth-grade student at the St. Croix Central High School. At the time of the incident, Defendant Jocelyn Hendrickson was employed by VIDOE as a paraprofessional at the Claude O. Markoe Elementary School. On

or about June 1, 2016, Mapp was allegedly assaulted by Defendant Hendrickson and her daughter Shadejah Charles in the school yard of Central High School.

¶3       The Amended Complaint, filed by Plaintiff June 19, 2019, alleges two causes of action against Defendant Hendrickson: for assault and battery and infliction of emotional distress; and alleges one cause of action against VIDOE: for negligent hiring, retention, training and supervision of Defendant Hendrickson. Plaintiff asserts that as a result of Defendants' actions Mapp suffered severe bodily injuries, physical and mental pain and anguish, disability, loss of income and income potential, medical expenses and loss of enjoyment of life.

## DISCUSSION

¶ 4       12(b)(1) Lack of Subject Matter Jurisdiction

Rule 12(h)(3) of the Virgin Islands Rules of Civil Procedure provides that the Court must dismiss the action if it determines, at any time, that it lacks subject matter jurisdiction. VIDOE asserts that Plaintiff's claim against it must be dismissed for lack of subject matter jurisdiction, arguing that Plaintiff failed to comply with the notice requirement provision of the Virgin Islands Tort Claims Act (VITCA). The Virgin Islands Revised Organic Act of 1954 provides that "no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature [of the Virgin Islands]." V.I. Rev. Org. Act of 1954 §2(b); 48 USC § 1541(b). By the VITCA, the legislature waived the Virgin Islands Government's immunity from certain tort claims.

¶ 5       The Government's waiver is codified as follows:

> …the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to the injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided That the claimant complies with the provisions of this chapter.

33 V.I.C. § 3408(a).

*Herbert v. GVI, Department of Education and Jocelyn Hendrickson.*; SX-18-CV-179
Memorandum Opinion and Order            **2021 VI Super 19**
Page 3 of 8

¶ 6     "In 33 V.I.C. § 3408, the Government waived its immunity from liability and actions and consented to be liable for property damage or loss and for personal injury or death caused by a government employee acting within the scope of his or her employment. The Government's liability, however, is specifically conditioned on a claimant's compliance with the provisions of the Tort Claims Act, 33 V.I.C. § 3401 *et seq.* As such, noncompliance with the Act can nullify the Government's waiver of immunity and consent to be sued, and thus, deprive the Court of subject matter jurisdiction over a claim." *Walters v. Gov't of the V.I.,* 30 V.I. 36, 38-39 (V.I. Terr. 1994).

¶ 7     The Supreme Court has made clear that "the Government's waiver of immunity from tort suits… must be invoked by using specific statutory procedures." *Fleming v. Cruz,* 62 V.I. 702, 718 (V.I. 2015). Dismissal is proper where a plaintiff makes an otherwise viable claim under the VITCA if she fails to follow the necessary procedural requisites to initiate a timely claim. The VITCA provides:

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:

> …a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

33 V.I.C. § 3409(c).

¶ 8     The Act sets out the required contents of the notice in the following section:

> The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

33 V.I.C. §3410.

¶ 9     Here, Plaintiff provided to the Governor of the Virgin Islands, the Lieutenant Governor and the Attorney General her "Notice of Claim Pursuant to Virgin Islands Tort Claims Act," as follows:[1]

> The Government of the Virgin Islands, Department of Education are responsible for the care and protection of minor students during school hours and while students are on the school's campus. The Government of the Virgin Islands, Department of Education, breached its duty to Dellitta Mapp, by allowing another employee from another school to enter on to the school property, to assault, batter and injur[e] the minor Dellitta Mapp.... As a proximate and direct cause of Joycelyn Hendrickson's conduct and the acts or omissions of the Government of the Virgin Islands, Department of Education, the minor, Dellitta Mapp, suffered bodily injuries, mental and physical distress, medical expenses, past, present and future."

¶ 10    The Supreme Court has explained that "[t]he statute does not require absolute exactness of expression but simply a statement of the matter referred to with sufficient definiteness to enable the State officials to make an investigation in order to determine if the claim should be adjusted without suit. Furthermore, a substantial compliance with the statute is all that is required. If the [notice] is sufficiently definite to inform the officers of the state of the time and cause of claimant's injuries or damages, it should be upheld." *Brunn v. Dowdye,* 59 V.I. 899, 910 (V.I. 2013) (internal quotation and citations omitted).

¶ 11    In *Brunn*, Plaintiff's personal representative brought an action for negligent hiring, retention, supervision and training against the Government of the Virgin Islands arising from the murder by a police officer employed by the Government of his ex-girlfriend. Prior to the action, Plaintiff's representative had sent the Government notice of the intention to bring suit, which set forth the date and a description of the incident, alleging physical and emotional damages, and stating that "the purpose of this notice is to notify the Government of the Virgin Islands of my intention to file a claim against the Virgin Islands Police Department for its negligent selection of Joel Dowdye as a police officer for that Department as well as the Department's negligent failure to provide the proper training and supervision to Joel Dowdye." *Id.* at 909.

---

[1] Although VIDOE's Motion states that a copy of Defendant's Notice is attached as an exhibit to the Motion, no such Notice accompanies the Motion in either the Court's electronic or paper files and is found nowhere else in the record. The Motion, however, recites the pertinent provision of the Notice, as set out above, and by her Response, Plaintiff confirms its substance.

*Herbert v. GVI, Department of Education and Jocelyn Hendrickson.*; SX-18-CV-179
Memorandum Opinion and Order
Page 5 of 8

2021 VI Super 19

¶ 12    The Government moved to dismiss the *Brunn* action, arguing that the notice of intention to sue was deficient because it failed to state the nature of the claim, failed to inform the Government of who allegedly negligently trained or supervised Dowdye, or how such alleged negligence proximately resulted in the decedent's death caused by Dowdye's intentional criminal act. Acknowledging that it was not necessary for Brunn to "provide a precise legal theory upon which recovery was sought," the Supreme Court held nonetheless that the statutory notice must "set forth more than mere conclusory allegations of the Government's liability" and affirmed the Superior Court's dismissal of the complaint. "Brunn's notice stated her intention to bring a claim for negligent hiring, retention, supervision, and training, but it did not state a single action or omission by Dowdye's supervisors that gave rise to this claim. At the very least, the notice must provide a description of the particular manner in which the [Government] was allegedly negligent." *Id.* at 910-11 (citation omitted).

¶ 13    Here, Plaintiff makes no assertion in her statutory Notice of Claim or in her Amended Complaint that Joycelyn Hendrickson was "acting within the scope of her office or employment" such that VIDOE should be vicariously liable for her actions. The Amended Complaint alleges that Hendrickson and her daughter "intentionally assaulted, battered, and injured the minor Dellitta Mapp without just or legal cause."[2] Plaintiff has brought her intentional tort claim against Hendrickson personally in this action, independent of her allegations that VIDOE was "negligent in the hiring, retention, training and supervision of the defendant Joycelyn Hendrickson, a paraprofessional at Claude O. Markoe Elementary School," and that "[a]s a direct and proximate result of the Government's negligence, the plaintiff has suffered severe bodily injuries, physical and mental pain and anguish, disability, loss of income and income potential, medical expenses and loss of enjoyment of life."[3]

¶ 14    By her Notice of Claim Pursuant to Virgin Islands Tort Claims Act, Plaintiff put VIDOE on notice of her claim that it had breached its duty to Dellitta Mapp, by allowing an employee from another school to enter the Central High School property to assault, batter and injure her. The Notice did not allege that the negligent hiring, retention, training or supervision of VIDOE's

---

[2] Amended Complaint ¶ 10.

[3] *Id.* ¶¶ 16-17.

employee as set out in the Amended Complaint "was the underlying factual basis of her claim. This failure to make any reference, let alone any meaningful reference, to the allegedly negligent actions of the Government did not afford the Government an opportunity to make an investigation in order to determine if the claims should be settled without suit." *Brunn*, 59 V.I. at 911 (citations and internal quotation omitted).

¶ 15    Plaintiff argues that the Notice sufficiently put VIDOE on notice of Plaintiff's claim, thereby satisfying the requirement of the VITCA. She asserts that the Notice gave the Government sufficient information to investigate the claim by including the date, the location, the nature and even the name of the individual who committed the assault. Plaintiff submits that the Notice is not misleading or deceptive and, when read in its entirety, it complies with the VITCA's purpose of affording the appropriate governmental officials the opportunity to investigate and assess the Government's liability.

¶ 16    However, the Notice claimed that VIDOE was "responsible for the care and protection of minor students during school hours and while students are on the school's campus," and that VIDOE "breached its duty to Dellitta Mapp, by allowing another employee from another school to enter on to the school property, to assault, batter and injure the minor Dellitta Mapp." The Notice put VIDOE on notice of a potential premises liability claim for its failure to protect a student on its property, but it provided no facts sufficient to put VIDOE on notice of a forthcoming claim alleging negligent hiring, retention, training and supervision of the Claude O. Markoe paraprofessional who committed the assault nowhere near her workplace.

¶ 17    The notice of intent to sue deemed inadequate in *Brunn* specifically alleged that the Government was negligent in hiring, training and supervising the employee who killed the decedent, "but it did not state a single action or omission by Dowdye's supervisors that gave rise to this claim. At the very least, the notice must provide a description of the particular manner in which the [Government] was allegedly negligent. [T]he Government is not required to ferret out or assemble information that [the notice provision] obligates the claimant to allege." *Id.* 59 V.I. at 910.

¶ 18    As in *Brunn*, Plaintiff's Notice here failed to provide any meaningful reference to alleged defective or wrongful actions by VIDOE officials giving rise to her liability claims. Mere

*Herbert v. GVI, Department of Education and Jocelyn Hendrickson.*; SX-18-CV-179
Memorandum Opinion and Order
Page 7 of 8

2021 VI Super 19

conclusory allegations of the Government's liability for failing to protect the minor Plaintiff on the Central High School campus are insufficient to support the subsequent negligent hiring, retention, training and supervision claims of the Amended Complaint. As in *Brunn*, Plaintiff's Notice here failed to allege the persons within VIDOE and any facts supporting the allegation that VIDOE was negligent. The Notice also failed to state the manner by which VIDOE's alleged negligence in the hiring, retention, training and supervision of Hendrickson proximately caused the injury resulting from the intentional acts of Hendrickson and her daughter outside the scope her employment nowhere near Hendrickson's assigned workplace. In sum, Plaintiff failed to satisfy the VITCA requirement to provide adequate notice of the claim so that the Government was not required to ferret out or assemble information that the notice requirement obligates the claimant to provide.

¶ 19    Plaintiff provided timely Notice of her claim required by the VITCA. However, the Government's waiver of liability is conditional on a claimant's compliance with statutory procedures that do not require exactness of expression but do require a statement presenting her claim with sufficient definiteness to put the Government on notice of the nature and factual bases of the claim. In this regard, Plaintiff failed here. Notice putting VIDOE on notice that it breached its duty to protect the minor Plaintiff from Hendrickson's assault on its Central High campus may suffice in a subsequent premises liability action. It cannot support, however, Plaintiff's Amended Complaint alleging VIDOE's negligent hiring, retention, training and supervision of Hendrickson. Plaintiff's failure to provide notice of the nature of her claim consistent with the VICTA's procedural prerequisites nullifies the Government's waiver of immunity and consent to be sued and deprives the Court of jurisdiction to hear her claim against VIDOE. Accordingly, VIDOE's Motion to Dismiss will be granted.

¶ 21    <u>12(b)(6) Failure to Sufficiently Plead Negligent Hiring, Retention, Training and Supervision</u>

In light of the Court's ruling that it lacks subject matter jurisdiction over Plaintiff's claim for her failure to comply with the notice prerequisites of the VITCA, the sufficiency of the allegations pled in the Amended Complaint pursuant to the notice pleading provisions of V.I. R. Civ. P. 8(a) are not addressed.

Based upon the foregoing, it is hereby

ORDERED that Defendant Virgin Islands Department of Education's Motion to Dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED as to that Defendant. It is further

ORDERED that Plaintiff and Defendant Joycelyn Hendrickson shall meet and confer pursuant to V.I. R. Civ. P. 26(f) and shall, **within 30 days** of the date of entry of this Order, report to the Court concerning such conference wherein these parties shall consider, among other things, **(1)** the nature and basis of the claims of Plaintiff and the defenses of Defendant; **(2)** the possibilities for promptly settling or otherwise resolving the case, including the referral of the case to mediation; **(3)** making or supplementing the disclosures required by V.I. R. Civ. P 26(a)(1); **(4)** development of a proposed discovery plan, and date by which the matter will be ready for trial; and **(5)** whether both parties will agree to waive trial by jury and submit the matter for bench trial by the Court. Plaintiff's counsel shall be responsible for arranging the conference and for submitting to the Court, **within 30 days** of the date of entry of this Order, a written report outlining the results of the parties' conference, including discovery plan, and prospective dates for mediation and, if mediation is unsuccessful, for trial.

DATED: February _19_, 2021.

_____
DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor
Court Clerk II
2/17/2021